BUTLER, McCARTY & COMPANY, plaintiffs in error, *vs.* JOHN M. CLARK & COMPANY, defendants in error.

The monthly wages of a clerk, subject to a *pro rata* deduction for time lost, cannot be garnished in the hands of his employer.

Garnishment. Wages. Before Judge GOULD. City Court of Augusta. February Term, 1872.

Butler, McCarty and Company obtained judgment against William J. Freeman and Henry N. Freeman, partners, under the firm name of Freeman Brothers, for $997 37, principal, besides interest, at the August Term, 1871, of the City Court of Augusta. Garnishment process was subsequently sued out on said judgment, and John M. Clark & Company were served as garnishees on December 18th, 1871. On February 28th, 1872, the garnishees filed an answer admitting an indebtedness to Henry N. Freeman of $220 for daily wages as clerk, but claimed the same to be exempt from garnishment. The answer was traversed and the issue thereon submitted to a jury.

It appeared, from the evidence, that Henry N. Freeman was employed by the firm of John M. Clark & Company, at their mill as receiving and shipping clerk, and performed any other duties required of him by the firm; that when first served as garnishees the firm was paying him at the rate of

$60 per month, but has been, since Christmas, paying him at the rate of $75 per month; that the firm has the privilege of discharging him at any time, and of deducting from the amount payable, at the rate per month, for any lost time; that the amount named in the answer is now due him; that he is allowed to draw his money whenever he wants it, as no specified time of payment has been agreed on.

The jury returned a verdict for the garnishees. Plaintiffs moved for a new trial upon the following ground, to-wit:

1st. Because the Court charged the jury " that if they found that defendant, Henry N. Freeman, was paid by the day, his wages as clerk were exempt from garnishment in the hands of the garnishees. That the statute exempting the wages of journeymen mechanics and day laborers was to be liberally construed, and he saw no reason why a clerk's wages, if paid by the day, should not be exempted. That it was for the jury to determine, from the evidence, whether the defendant was employed by the day or at a stipulated salary per month, and that a sum certain per month, subject to deduction for lost days, might be considered by them as daily wages."

The motion for a new trial was overruled, and plaintiffs excepted and assigns said ruling as error.

FRANK H. MILLER, for plaintiffs in error. 1. Clerks are not journeymen mechanics or day laborers: 25 Ga., 576. 2. Overseers have been decided to be entitled to the benefits of this exemption: 25 Ga., 571. But they are ruled not to be laborers entitled to a lien under the Act of 1869, unless they labor with their own hands: Rust, Johnson Co. *vs.* Billingslea, decided July 18, 1871; Footman *vs.* Pusey, Jones & Co., decided April 23, 1872.

H. CLAY FOSTER, for defendant. The charge was right under the law: 25 Ga. R., 571.

Butler, McCarty & Company *vs.* John M. Clark & Company.

MONTGOMERY, Judge.

Does the evidence in this case show that Henry N. Freeman was a "journeyman?" He was shipping and receiving clerk for the garnishees, "and performed any other duties required of him by the firm." They paid him at the rate of so much per month; could discharge him at any time, and deducted for lost time at the rate at which they paid him. A journeyman is defined to be a day laborer, a hired workman: Zell's Encyclopedia. If Freeman was not a day laborer he was certainly a hired workman. And the statute evidently does not confine the meaning of the word to day laborer. It says "all journeymen, etc., shall be exempt from the process and liabilities of garnishment on their daily, *weekly* or *monthly* wages," etc.: Code, 3496. The construction of the garnishment laws in favor of persons whose daily support, and that of their families, depend upon their earnings, should be liberal: 25 *Georgia*, 571. If an overseer's wages, which are usually paid, (in great part, at least,) yearly, are not subject to garnishment, it would seem to follow, *a fortiori*, that a clerk's wages, payable monthly, are not, still less the wages of one payable at even shorter intervals of time. They come literally within the very words of the exempting statute. One may not be a laborer or mechanic, within the meaning of those terms as used in the Constitution, and yet be entitled to have his earnings exempted from garnishment. The words of the Constitution were evidently intended to apply to *manual* laborers and mechanics, whose claims are usually small, and, owing to the necessities of the laborer, promptly enforced. Otherwise, a host of unrecorded and secret liens for large amounts would fasten themselves upon much of the property in the State. Such parasites would tend to the destruction of the value of property by preventing its easy alienation.

*Quære*—Can an individual debt, due to one partner, be garnisheed to pay a debt due by the partnership?

Judgment affirmed.