CLAGHORN & CUNNINGHAM, plaintiffs in error, *vs.* ROBERT SAUSSY, defendant in error.

The monthly wages of a forwarding clerk in the employment of a railroad company, whose duty it is to attend daily to the forwarding of goods, to report in the morning when the drays commence work, and in the evening when the day's labors are over, the company reserving the right to discharge him at any time, are not subject to the process of garnishment.

Claghorn & Cunningham *vs.* Saussy.

Garnishment. Before Judge CHISOLM. City Court of Savannah. May Term, 1873.

. For the facts, see the decision.

HENRY B. TOMPKINS, for plaintiff in error.

J. R. SAUSSY, for defendant.

WARNER, Chief Justice.

The only question made in this case is, whether the garnishee was liable to be garnished for the wages of the defendant who was in its employment, on the statement of facts disclosed by the record. It appears therefrom that the debtor is in the employ of the Central Railroad and Banking Company as a forwarding clerk, for which he receives monthly wages; that it is his duty to report daily at seven o'clock A. M., when the drays commence work, and to attend to the forwarding of goods consigned to said company so long as the drays continue to work, and at the close of the day's work to report at the office of the company to assist in checking up and correcting any mistakes in the shipments or receipts by the drays during the day. The work is a regular routine, day by day, and not at intervals, and whilst the pay is monthly, the company has the right to discharge said employee at any time his services are not needed, usually giving a month's notice. As a clerk in the forwarding department his time is kept with the same regularity as that of any other employee or mechanic of said company. The 3554th section of the Code declares that "all journeymen, mechanics and day laborers, shall be exempt from the process and liabilities of garnishment on their daily, weekly or monthly wages, whether in the hands of their employers or others: provided, that the wages of no person in the employment of another shall be exempt from the process of garnishment when the consideration of the debt is for provisions for the use of the employee or his family, or when the consideration of the debt is for the board of himself or family." The object of this statute being for the benefit

of the laboring class of small means, should be liberally construed so as to effect the intention of the legislature. The employee of the Central Railroad and Banking Company, in this case, comes within the reason, true intent and meaning of the act, in our judgment, and his wages were not liable to the process of garnishment. In the case of *Caraker vs. Mathews,* 25 *Georgia Reports,* 571, it was held that the wages of an overseer were not liable to process of garnishment. We can see no difference in principle, sound reason or public policy, between that case and the one now before us. The distinction sought to be made between this case and that of *Butler & Company vs. Clark,* 46 *Georgia Reports,* 466, we do not think was well taken. It is true, in that case the clerk was subject to a *pro rata* deduction for time lost, but that circumstance did not control the judgment of the court in that case.

Let the judgment of the court below be affirmed.