## WYNNE vs. MILLERS & SIBLEY.

One of a partnership whose stock of goods was sold, and the pro-
ceeds of the sale in court for distribution, is interested to see to its
proper distribution, and may be made a party to a money rule against
the sheriff therefor ; and an issue tendered by him to the effect that
the plaintiff had no valid lien upon the fund, because the defend-
ants had never been in any way sued, or served by any process what-
ever, should not have been stricken on demurrer.

Parties. Partnership. Practice in the Superior Court.
Before Judge BARTLETT. Greene Superior Court. March
Term, 1878.

Reported in the opinion.

C. HEARD, for plaintiff in error, cited Code, §§3828, 3596.

John REED; W. H. Branch, for defendants.

JACKSON, Justice.

This case arose upon a money rule against the sheriff
brought by Millers & Sibley. The answer of the sheriff
showed that he had in hand nine hundred dollars raised
from the sale of the goods of C. N. Wynne & Co., and that
a mortgage *fi. fa.* of Hannah Haines, and an attachment of
said Millers & Sibley, claimed the fund. C. N. Wynne in-
dividually was made a party to the rule, and made the issue
by pleading that Millers & Sibley had no valid lien, in the
words following : " And now comes C. N. Wynne and joins
issue with plaintiffs in said rule, and says that said plaintiffs
have no valid lien against the said C. N. Wynne & Co., they
never having in any way sued said firm, or the members
composing the same; nor have they been served with the
process of any court."

This plea of Wynne was stricken, and he excepted.
It strikes us that there is substance in this plea. It is not
very fully set out in detail, but it puts in issue the validity
of the lien which was claiming the money—it denies that
the firm, or any member, was ever served with process or

sued at all in any way. If that be true, certainly Millers & Sibley had no right to the money; and if it be defectively set out it might be amended.

The question, then, is, did Wynne individually have the right to make the issue? He is a member of the firm of the defendants whose goods were sold, and has an interest, and deep interest, in seeing to it that the money of the firm was not paid to a something that was no lien, and had never been sued.

We think he had the right to be heard, and to show that Millers & Sibley had no lien. The judgment is, therefore, reversed on the ground that the court, on demurrer, struck the issue tendered, or plea made, by C. N. Wynne.

Judgment reversed.