THE PIONEER CO-OPERATIVE COMPANY *vs.* THE EAGLE AND PHŒNIX MANUFACTURING COMPANY.

1. Where summons of garnishment was directed to a corporation and answered by its treasurer, and after judgment against the garnishee the same officer, acting for the corporation, sued out a writ of *certiorari*, it will not be dismissed because the affidavit stated that "I verily believe that I have good cause for *certiorari*." A reasonable construction of such affidavit would be that the officer, as such, believed, etc.

2. If a plaintiff seeks to subject daily wages of a laborer by garnishment, he must show such facts as bring the case within some exception to the general law on that subject.

(*a*). The act of 1880 which made the summons of garnishment have effect from its service to the time for answering, simply had reference to the time covered by the garnishment, and within which it would operate on property or funds of the debtor in the hands of the garnishee. It was not the intention of such act to render wages subject which otherwise would not be so.

*Certiorari.* Corporations. Pleadings. Garnishment. Before Judge WILLIS. Muscogee Superior Court. May Term, 1881.

The Pioneer Co-operative Company brought suit against Louis Givins in a justice court, and procured garnishment to issue thereon directed to the Eagle and Phœnix Manufacturing Company. The garnishee, by its treasurer, answered that it was indebted to defendant in the sum of $13.90 for daily labor. Judgment was rendered against the defendant, Givins. Counsel for the garnishee moved for its discharge, it appearing from the answer that the debt was for labor of defendant. The justice overruled the motion and rendered judgment against the garnishee for the amount admitted to be due. The garnishee sued out a writ of *certiorari.* The *certiorari* case being called in the superior court, the Pioneer Company moved to dismiss the same, because of insufficiency of the affidavit upon which said *certiorari* was based; because it nowhere alleged that the affiant verily believed that the said garnishee had good cause for *certiorari.*

The affidavit was as follows: "I, G. Gunby Jordan, treasurer of the Eagle and Phœnix Manufacturing Company, do solemnly swear that the petition for *certiorari* is not filed in the case for the purpose of delay only; and I verily believe I have good cause for *certiorari*, and that the facts stated in the foregoing petition, so far as they come within my own knowledge, are true, and so far as

The Pioneer Co-operative Co. *vs.* The Eagle & Phœnix Manufacturing Co.

they are derived from the knowledge of others, I believe them to be true."

The court overruled the motion to dismiss, and rendered judgment, reversing the judgment of the magistrate and discharging the garnishee.

Plaintiff excepted.

GOETCHIUS & CHAPPELL, for plaintiff in error.

W. F. WILLIAMS; BLANDFORD & GARRARD, for defendant.

JACKSON, Chief Justice.

This is a writ of error to the judgment of the superior court sustaining a *certiorari*.

Two points are made—one that the *certiorari* should have been dismissed because the treasurer of the corporation, describing himself as such, swears in the affidavit for the writ that " I verily believe I have good cause for *certiorari*," and the other, because the superior court ruled wrong in holding that the wages of a day laborer were exempt from garnishment.

1. In respect to the first point, the treasurer evidently was acting for the corporation, and meant I as treasurer of the Eagle and Phœnix Manufacturing Company. The service of summons was on him in that capacity for the corporation, and he made the answer, to which there was no objection. We think that the *certiorari* should not have been dismissed.

2. It does not appear what the consideration of the judgment debt of the plaintiff in execution against the defendant was. If not for provisions or board of himself and family, the daily labor of the defendant was not liable to the process of garnishment. Code, §3554. And by the answer of the garnishee, the entire sum which the company owed the laborer was his daily wages due him. Therefore, under that section of the Code, the plaintiff

was not entitled to judgment against the garnishee, because he did not not show that his debt came within the exception made by the act of 1872, and codified in §3554.

It is insisted, however, that the act of 6th of December, 1880, repeals this exception by implication and makes all wages, without exception, liable to the process of garnishment. We do not think that the act of 6th of December, 1880, touches that exception; its scope on this subject was to open all indebtedness or effects coming into the garnishee's hands between the date of summons and of answer, subject, just as they would have been subject if so subject before the time or at the time of this service.

Nor do we think that the constitutional point has any application, for the reason that the act of 1872 and the codification of it in §3554 are not intended or sought to be repealed by the act of 1880.

We are quite clear, for these reasons, that the superior court was right in sustaining the *certiorari*, and the judgment is affirmed.