SMITH, constable, *vs.* JOHNSTON.

1. A constable may be ruled by the defendant in execution for money collected by him from a garnishee, if the defendant be entitled to the money by reason of its being his wages as a laborer.

2. A statement in a promissory note that the maker "hereby waives and renounces for himself and family any and all homestead and exemption rights to which he or they may in any event be entitled under any provision of the constitution or laws, state or federal," had reference to exemptions of property, and not of wages of a daily laborer. If the latter were intended, it should have been explicitly stated.

3. A garnishee may, in his answer, set up that the fund in his hands is not subject to the garnishment, the same being due for monthly wages of a laborer; and if the answer be not traversed, he will be discharged. But a judgment that the garnishee shall pay the money into court does not bind the defendant, so that he cannot contend for the money, when paid in. The failure of the garnishee to set up the exemption of defendant's wages will not debar him.

February 9, 1884.

Garnishments. Wages. Laborers. Judgments. Waiver. Exemptions. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

S. R. Johnston brought a rule against Smith, constable. The following facts appeared from the rule, answer and record from the justice's court:

Johnston bought a suit of clothes from Gay & Company, and gave a note therefor in which he waived "for himself and family, any and all homestead and exemption rights to which he or they may, in any event, be entitled, under any provision of the constitution or laws, state or federal." Suit was brought, and a judgment obtained on this note, and an appeal was entered, but dismissed. A summons of garnishment was then sued out and served on the "Green Line Agency," and on failure of the garnishee to answer, a judgment was rendered, and the amount collected from it. The garnishee paid the amount, and charged it to the defendant, who was its employé. To this sum, in the hands of the constable, the defendant laid claim, as being

for wages due him as a laborer whose wages were payable monthly, and on failure of the constable to pay, he brought this rule. The court ordered the money to be paid to him, and the constable excepted.

Robert L. Rogers, for plaintiff in error.

W. T. Moyers, by Harrison & Peeples, for defendant.

Jackson, Chief Justice.

1. A constable may be ruled for money collected by him from a garnishee, by the defendant in execution, if he be entitled to the money as exempt by reason of its being his wages as a laborer. Any "proper person," if he refuse to pay it on demand, may rule him. Code, §3950; Acts of 1822 and 1841; Cobb's Dig., pp. 578, 579. By a proper person, we understand "the party entitled thereto," in the language of the same section, 3950. That the defendant in execution may be the proper person, see 8 *Ga.*, 153. That case was where the rule was for balance due defendant, but the principle covers a case where all the money is his by law. See also 61 *Ga.*, 343.

2. The waiver of exemptions in the paper sued on covers property, such as homestead and exemptions of personalty, under the laws exempting so much property of everybody, not the wages of a laborer. The parties had in contemplation those exemptions, not this. If this were intended, it should have been explicit. 61 *Ga.*, 345, 354.

3. The garnishee may, in his answer, set up that the fund is not subject to garnishment, and if that answer be not traversed by the plaintiff, it will discharge him, with costs; because he cannot be garnished for a debt due as laborer's wages Code, §3554; 67 *Ga.*, 38. Such monthly wages as in this case are exempt. 46 *Ga.*, 466-8; 54 *Ib.*, 108; 25 *Ib.*, 571. But it does not follow that a judgment that the garnishee pay the money into court, especially where the garnishee does not answer that the debt is due for wages,

binds the defendant so that he cannot contend for the money when paid in. He is not responsible for the neglect of the garnishee to put in his claim in the answer, nor for a judgment against the garnishee, to the extent that he is estopped from contesting for and claiming the money when paid in. He is no party to the issue between the plaintiff and the garnishee. Indeed, that he may still claim the fund as his money when paid in was distinctly ruled by this court in *Banks vs. Hunt et al.*, this term.

There we say: "When paid into court, the defendant, if he sees proper to dc so, may claim its exemption from the garnishment on that ground, or he may waive his right to have it exempted."

Therefore, the law constrains us to hold, with the court below, that the defendant is entitled in law to this money, much as we might, as individuals, think he ought to pay the plaintiff for the clothes he wears.

Judgment affirmed.