ABRAHAMS *vs.* ANDERSON *et al.*

1. The wages of a clerk or secretary, whose duty it is to receive by dictation and transcribe for his employer his letters and other documents, and generally to perform the duties of an amanuensis, stenographer and private secretary, including the keeping of books, etc., and whose salary is payable monthly, there being no time fixed for the termination of his contract of service, are not subject to the process of garnishment.

April 9, 1888.

Garnishment.   Wages.   Clerks.   Before Judge HARDEN. City court of Savannah.   July term, 1887.

Reported in the decision.

GARRARD & MELDRIM, by brief, for plaintiff.

LAWTON & CUNNINGHAM, by brief, for defendants.

SIMMONS, Justice.

It appears from the record that Abrahams sued out process of garnishment in a suit pending against Andrew Anderson, in the city court of Savannah, and caused summons of garnishment to be served upon the Central Railroad and Banking Company of Georgia.   Anderson dissolved the garnishment by giving bond.   At the next term of the court, the Central Railroad and Banking Company answered that it was indebted to the defendant at the date of the service of the summons of garnishment $38.70, and had since become indebted to the defendant $328.91 ; which

amount, it answered, was due him for his wages as a la-
borer, and that such wages are exempt from garnishment.
The answer was traversed by Abrahams. The evidence
on the issue thus made was agreed to in writing, and sub-
mitted to the court without the intervention of a jury.
The agreed statement of facts was as follows:

"Andrew Anderson, junior, was at the time of the suing out of the
garnishment process and is now employed at a salary of one hundred
and twenty-five dollars per month, there being no time fixed for the
termination of the contract of service, as private secretary and stenog-
rapher to the president of the Central Railroad and Banking Com-
pany of Georgia, . . his duties being to receive by dictation and
to transcribe for the president his letters, and such other papers and
documents as he may desire; to take care of the papers and records
of his office; travel with him as secretary when required; to receive
and forward the president's mail when left in the office in the absence
of the president; and generally to perform the duties of an amanuen-
sis, stenographer and private secretary, including the keeping of such
books and statements as would generally be kept in the office of a
president of a railroad company."

The judge of the city court overruled the traverse, and
decided that the salary of the defendant was exempt from
garnishment; whereupon the plaintiff excepted and as-
signed as error, (1) that the court erred in overruling the
traverse; and (2)that the court erred in deciding that the
salary of the defendant was exempt from process of gar-
nishment.

1. This case seems to be ruled by the cases of *Lamar
vs. Chisholm*, decided at the October term, 1886, of this
court, 77 *Ga.* 306; *Smith vs. Johnston*, 71 *Ga.* 748; *High-
tower & Co. vs. Slaton*, 54 *Ga.* 108; *Claghorn & Cunningham
vs. Saussy*, 51 *Ga.* 576; *Butler, McCarty & Co. vs. Clark
& Co.*, 46 *Ga.* 466; *Caraker vs. Matthews & Matthews*, 25
*Ga.* 574. It is difficult to distinguish the case now before
us from these cases. In the case of *Lamar vs. Chisholm*,
the employé was a clerk and bookkeeper in the store of
Chisholm & Co., who were commission merchants dealing
in cotton, rice and naval stores. In the case of *Claghorn
& Cunningham vs. Saussy*, 51 *Ga.* 576, the employé was

a forwarding clerk, whose business it was to attend to the forwarding of freight and assist in checking up the books at night. In the case of *Smith vs. Johnston*, 71 *Ga.* 748, the employé was a clerk of the " Green Line Agency." In all these cases the duties of the employé were not only to use his hands but his brains. Anderson's duties in the case before us were somewhat of the same character. Calling him private secretary instead of a clerk does not, in our opinion, change the principle upon which these former rulings were made. Instead of keeping a set of books and recording the daily transactions of a firm, as the clerks did in the cases cited, Anderson's duties were to receive by dictation and transcribe for the president of the company his letters and other papers and documents, and generally to perform the duties of an amanuensis, stenographer and private secretary, including the keeping of such books and statements as would generally be kept in the office of the president of a railroad company. There being, therefore, no difference in principle in the cases cited and the case now before us, we affirm the ruling of the court below in holding that the wages of this employé were exempt from garnishment.

Judgment affirmed.