## No. 14,457.

STATE EX REL. I. X. L. GROCERY COMPANY, LIMITED, vs. HON. A. D. LAND, JUDGE OF THE FIRST JUDICIAL DISTRICT COURT.

### SYLLABUS.

Mechanical engineers, electrical engineers, clerks, agents, cashiers of banks, bookkeepers, and all that class of employes whose employment is associated with mental labor and skill, are not considered as laborers.

The exemption from seizure protects laborers on farms, plantations, factories and other places where workmen possess no particular skill. The skilled labor in trades is not exempt.

A PPLICATION for Writs of *Certiorari* and Prohibition.

*David Thompson Land,* for Relator.

Respondent Judge *pro se* (*Leonard, Randolph & Rendall,* of Counsel).

The opinion of the court was delivered by

BREAUX, J. Exemption *vel non* from seizure for debt of the wages of a locomotive engineer under the provisions of Statute 79 of 1876,

amending and re-enacting Article 644 of the Code of Practice, is the issue before us for decision.

A mechanical engineer running a passenger train is one who possesses skill and expertness. His position is highly responsible and requires judgment, attention, and the conscientious discharge of duty. His character and reputation are fair subjects of inquiry when he presents himself for employment as well as the training and experience he has had.

The statute exempts "laborer's wages," a term of very broad meaning, it is true, but it remains that the skilled mechanic thoroughly versed in all the details and intricacies of his art is not to be compared with a laborer who hires himself out to serve on plantations or to work and toil in manufactories as a mere servant, subject, without question, to the will and direction of the master. The former is frequently consulted in matters of the utmost importance and his suggestions nearly always considered and heeded.

We are only concerned with the words "laborer's wages," and whether or not the wages of the master mechanic in charge of a passenger train are exempt.

We do not think they are; and in our view he is not a laborer within the meaning of the statute. To illustrate, we will mention that his coal heaver who throws over the coal from the bin to the furnace is exempt, but not the mechanic, whose knowledge, trained eye and hand are relied on to protect the hundreds of passengers whose safety depend on his skill and duty intelligently performed. He commands those about him whenever necessary in the performance of his work. He is an employe and not a mere laborer. He is not a mere laborer any more than the highly trained electrical engineer or any other trained tradesman who receives salary or wages.

The follownig is an authority in point: "Artificers, handicraftsmen, or miners, etc., do not necessarily or properly fall under the denomination of laborers, there being, as I take it, a known distinction between a journeyman in any art, trade, or mystery or other workmen employed in the different branches of it and a laborer." Lowther vs. Kadnor, 8 East. p. 124.

Referring to Webster's definition, it is said that a laborer is one who works at a toilsome occupation, a man who does work requiring little

skill, as distinguished from an artisan. Am. & Eng. Enc. of Law, Vol. 18, p. 71, 2nd Ed., and authorities cited in support of note 4; Missouri R. R. vs. Baker, 14 Kan. 428. A civil engineer is not a laborer or workman. Railroad Co. vs. Leuffer, 84 Pa. 168.

Worcester defines a laborer to be "one who labors"; one regularly employed at some hard labor; a workman; an operative; often said of one who gets a livelihood by coarse manual labor as distinguished from an artisan or professional man. *Ib.*

"Clerks, agents, cashiers of banks, and all that class of employes where employment is associated with mental labor and skill were not considered laborers," citing 49 Ga. 511; 63 Ga. 172; 68 Ga. 658; Hinton vs. Goode and Grumbley, 73 Ga. 234.

It has been said that such and similar statutes are presumably intended to protect a class of men who are ill-fitted to protect themselves, men who are dependent upon the fruits of their daily toil for the daily subsistence of themselves and their families and that they should not be extended by forced construction so as to include a class of men who are competent to take care of themselves and need no such protection.

"Muzzle not the ox which treadeth out the corn," denotes a subdivision in the great army of industry which does not include the energetic self-reliant mechanic of this country.

The opinions of our learned brother of the District Court always arrest our attention and command our consideration. We have seldom had occasion to differ from his views. In this case, our premises and the authorities at hand, different from his, have lead us to a different conclusion and we are therefore constrained to write a different judgment.

It is therefore ordered, adjudged and decreed that the writs of *certiorari* and prohibition be perpetuated and the judgment of the District Court in this case is avoided, reversed and annulled, and the judgment rendered by the city court is reinstated at costs of the judgment debtor.

Rehearing refused.