LAND, J.
The Court of Appeal held that a railroad switchman is a “laborer” in the sense of article 644 of the Code of Practice, as amended by Act No. 79, p. 123, of 1876, exempting “laborer’s wages” from seizure under execution. We see no error in this ruling.
All manual employments require a certain degree of intelligence and skill. It is true that we have held that a locomotive engineer was not a “laborer” in the sense of the statute (State ex rel. Grocery Co. v. Judge, 108 La. 512, 32 South. 433, 58 L. R. A. 407, 92 Am. St. Rep. 392), but we did so because we considered him as a “mechanical engineer,” discharging highly important duties, requiring the exercise of skill, expertness, and judgment, and as occupying a posi *779 tion of authority in the management of the train.
To hold that a switchman was not a laborer would be tantamount to denying the benefit of the exemption to all railroad employes performing hard manual labor.
It is therefore ordered that this application be denied, applicant to pay all costs of same.