No. 3606.

(Court of Appeal, Parish of Orleans.)

SIG. AND SOL. H. FREIBERG vs. E. A. NEWMAN & CO.

Appeal from the Civil District Court, Division "A."

R. J. Maloney, for Plaintiff and Appellant.

M. H. Manion, for Defendant and Appellee.

1. The exemption from seizure protects laborers on farms, plantations, factories and other places where workmen possess no particular skill.

2. A porter of a Pullman Car, most of whose duties are of a menial character requiring no particular skill for their proper performance comes under the class whose wages are exempt from seizure.

ESTOPINAL, J. "Sig. and Sol. H. Freiberg," a commercial firm domiciled in the City of Cincinnati, claiming to be creditors of the commercial firm of E. A. Newman & Co., composed of Edward A. Newman, Henry Teems, Sr., Henry Teems, Jr., and Butler Boykens, domiciled and doing business in the City of New Orleans, filed their petition alleging defendants' indebtedness to them in the sum of One Hundred and thirty-two 50/100 ($132.50) dollars, and upon making the required allegations in their petition, verifying same by oath and furnishing bond obtained the issuance of a writ of attachment.

Judgment was rendered in favor of plaintiff for the full amount of their claim.

Subsequently garnishment proceedings issued against the Pullman Car Company, and by virtue of a writ of fifa obtained by plaintiff under their judgment, seized in the hands of the garnishee, the Pullman Car Company, certain moneys due by it to Henry Teems, Jr., and Butler Boykin, then in its employ as porters.

Teems, Jr., and Boykins applied for an injunction restraining the application of the money garnisheed in the hands of the Car

Company to satisfy judgment, on the ground that they were employed by said Company as laborers, porters on the Sleeping Cars operated by the Company, and that the money due them by the Company and seized in its hands is for their wages as such laborers and that the same is exempt from seizure under the law.

Sig. and Sol. H. Freiberg, defendants in injunction, moved a dissolution of the writ, upon the trial of which the court below rendered judgment for plaintiff in injunction in the words following:

"The point as to the bond and solvency of the surety was waived and only the motion on the merits is for settlement.

"The evidence shows that plaintiffs in injunction are laborers doing manual work. As such their wages cannot be seized. The truth of plaintiff's allegations and affidavits is established by proof. Therefore, the motion to dissolve the injunction is dismissed and refused."

From this judgment, defendants in injunction have appealed.

The bare question submitted to this Court for adjudication is whether a porter on a Pullman Car does or does not come under the category of "laborer."

We are in perfect accord with the views expressed by the learned Judge *a qua,* and for the purposes of this discussion, which need not be extended, we may predicate our conclusion upon the decision of the Supreme Court, State ex rel I. X L. Grocery Company vs. Land, 108 La. 512, cited on brief by both sides:

"The Court says mechanical engineers, electrical engineers, clerks, agents, cashiers of banks, bookkeepers and all that class of employees whose employment is associated with mental labor and skill are not considered as laborers.

"The exemption from seizure protects laborers on farms, plantations, factories and other places where workmen possess no particular skill. The skilled labor in trades is not exempt."

This expression of the Court is clear, and under it there should be no difficulty in determining to what class of employees the exemption from seizure applies and in determining whether they belong to that class or not.

We find from the record the duties of a Pullman Car porter to be to "hang curtains, put up towels and combs, and then stand and receive passengers, arrange the ticket of the passenger in the sections they are to occupy, wait on the passengers, assist them, keep the car clean, see that the towels are well kept, that the toilet room is clean, and at night make the beds and shine the shoes. Another duty is to awaken passengers twenty or thirty minutes before their destination is reached.

It does not seem to be worth the while to argue that no skill at all is required to perform the menial tasks just enumerated, and we will not. Why, the word "porter" itself standing alone has a significance which marks the person bearing it as a menial or a person who need possess no particular skill, and we opine that the porter of a Pullman Car who serves and assists in the buffet car, mixes drinks, boils eggs and makes sandwiches, besides his other duties of keeping the closet in order and shining shoes, is no more a skilled laborer than is the waiter in the humblest hostelry in the country.

But let us suppose, *argumendo,* that, as is contended by defendant in injunction, these men possess a high degree of intelligence and that the duties performed by them in the buffet are more responsible and requires a higher degree of intelligence than clerks in stores. We will nevertheless hold that the burden of their work is of a low, menial order and their status as ordinary or unskilled laborers will not be effected because they are required to perform other work which, if not less humiliating, is cleaner, but which, in our opinion, requires no special skill. For reasons assigned the judgment appealed from is affirmed.

June 13th, 1905.

Rehearing refused June 28, 1905.

Writ refused by Supreme Court August 8, 1905.