## EMPIRE INVESTMENT COMPANY *v.* SULLIVAN.

The wages of one employed by a railroad corporation as stenographer to its general manager at a fixed salary per month, payable monthly, with no fixed time for the termination of the contract of employment, whose duties are to receive in shorthand from dictation and to transcribe on a typewriter the letters of the general manager, to travel in the car of the general manager for the purpose of taking dictation, but to perform no duties other than those of an amanuensis and stenographer, are exempt from garnishment under the Civil Code, § 4732.

Submitted October 4,—Decided October 12, 1909.

Question of law; from Court of Appeals.

*G. B. Whatley,* for plaintiff.

Fish, C. J.　In the case of the Empire Investment Company *v.* E. J. Sullivan, pending before the Court of Appeals, the question with which we are now to deal arose, and was by that court certified to this court as follows:

"In the foregoing case the Court of Appeals desires the instruction of the Supreme Court as to the following question of law: 'Are the wages of one whose contract and duties are as herein stated exempt from garnishment under section 4732 of the Code of 1895? The person referred to was employed by a railroad corporation as stenographer to its general manager, at a salary of $90 per month, payable monthly, and there was no fixed time for the termination of the contract of employment. His duties were to receive in shorthand from dictation and to transcribe on the typewriter the letters of said general manager; to travel in the car of the general manager for the purpose of taking dictation; but to perform no duties other than those of an amanuensis and stenographer.' Counsel for plaintiff in error, believing that the decision of the Supreme Court in *Abrahams* v. *Anderson,* 80 *Ga.* 570, on this question, should be reviewed and overruled, has filed a request to that effect under rule

31 of this court. This court is of the opinion that the question is one of so much doubt that it should be referred to the Supreme Court. It is therefore ordered that the clerk of this court shall cause a certified copy of this question to be transmitted to the Supreme Court, together with the bill of exceptions and record in the case." Then follows the certificate of the clerk.

In the case of *Abrahams* v. *Anderson,* 80 *Ga.* 570 (5 S. E. 778, 12 Am. St. R. 274). it was held: "The wages of a clerk or secretary, whose duty it is to receive by dictation and transcribe for his employer his letters and other documents, and generally to perform the duties of an amanuensis, stenographer, and private secretary, including the keeping of books, etc., and whose salary is payable monthly, there being no time fixed for the termination of his contract of service, are not subject to the process of garnishment." If that decision stands, the question certified by the Court of Appeals must necessarily be answered in the affirmative. Realizing this fact, counsel for the plaintiff in error in the Court of Appeals has filed with that court a request that that decision shall be reviewed and overruled, and under this request the question to be answered has been certified by that court to this court, where leave to review the case of *Abrahams* v. *Anderson* has been granted. After a careful examination and consideration of that case, we are of opinion that the decision rendered therein should not be overruled, especially in view of the fact that the ruling there made was based upon previous rulings of this court, which are cited in the opinion, and which are not now under review. That decision has stood for over twenty years, and in so far at least as it involves the precise question which we now decide we are perfectly satisfied with its soundness, and therefore reaffirm it.     *All the Justices concur.*