SOMMERVILLE, J.
Our brothers of the Court of Appeal have certified the following question to be answered: Is a car repairer a laborer, whose wages are exempted from seizure by the sheriff, by the terms of article *917 6-14, C. P., as amended by Act No. 79, 1876, p. 123.
Our answer is: Xes.
Act No. 79 provides, among other things: The sheriff or constable cannot seize money due for laborer’s wages.
A laborer has been held, by various courts, in a restricted sense, to be one who performs manual labor, menial or physical exertion, labor, or toil, not requiring special accuracy, knowledge, skill or training, for hire or wages, under the direction of his employer, master or superior, and hence distinguished from an artisan, professional man, or skilled workman; one who is engaged in or labors in some toilsome physical occupation; one who is regularly employed at some hard work; one who performs with his hands the contract he makes with his employer; one who subsists by physical toil in distinction from one who. subsists by professional skill; one who works with his hands rather than with his head; a workman. 24 Cyc. 810.
The statement in the record is that the car repairer in this case was employed by a certain railroad company in July, 1917, and that he was carried on the pay roll a.s a common laborer at 22 cents an hour until November of the same year, when he was “promoted to be car repairer,” at 32 cents an hour. As laborer, he was supposed to do any class of work not skilled. As car repairer, he was supposed to do any kind of work, skilled or otherwise which became necessary, and to repair and to replace the under parts of cars.
Oar repairers work in pairs, under the direction and supervision of a car foreman in putting together or assembling the various parts of a car from the sills down. When a car comes into the yard it is inspected, and if any of the. parts (from the sills down) are found to be broken or defective, the inspector puts a card on the car showing what the defects are. Then the car foreman directs the car repairer to get from the shop new parts' and put them in the places of the defective or broken parts. He does not make or manufacture any of the parts of the ear, or change the structure of the truck in any respect. If he encounters difficulties in making repairs or putting in new parts, he consults the car foreman as to the manner of doing or as to the better way of doing it.
The ear foreman, a witness in this case, testified that an ordinarily intelligent man should be able to make a general application to cars in four or six months; that is the general run of the work; and that men are often hired to do the work of a car repairer who have had no experience, when experienced men cannot be had; ’’they do what they can under my instructions.”
Under the statement, car repairing does not appear to be a recognized trade. The car repairer is not a skilled workman. He is not a mechanic necessarily acquainted with rules and methods observed and pursued by those engaged in constructing, altering, and repairing cars of all kinds, or in possessing skill to follow rules or to adopt and follow methods. He is not an artisan or artificer.
The car repairer is simply a laborer or workman who has had no special training, and who works with his hands under his superior, and not with his head.
He is on the plane of the railroad switch-man, whose wages have been declai'ed to be exempt from seizure. Schroeder v. Collins, 113 La. 778, 37 South. 722.
He is not in the class with the locomotive engineer, a skilled mechanic in charge of a passenger train, who is thoroughly versed in all the details and intricacies of his trade, and whose salary has been declared not to be exempt from seizure. State ex rel. I. X. L. Grocery v. Land, 108 La. 512, 32 South. 433, 58 L. R. A. 407, 92 Am. St. Rep. 392.
*919 The question propounded is answered in the affirmative. Car repairers are laborers; and their wages may not be seized by the sheriff or constable.
DAWKINS, J., recused.