COMMERCIAL CREDIT CO. v. PARRETT

---

(June 6, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest — Exemptions from Seizure—Par. 11.

A motorman employed by a street railway company to operate an electric street car is a "laborer" within the meaning of the law exempting laborers' wages from seizure.

Appeal from First City Court, Division "A". Hon. Wm. A. Bahns, Judge.

Action by Commercial Credit Company, Inc., against Ernest Parrett.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Sanford Levy, of New Orleans, attorney for plaintiff, appellant.

J. W. Hopkins, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. The question presented by this appeal is whether a motorman of an electric street car is a laborer within the meaning of the law exempting a laborer's wages from seizure.

The duties of a motorman, as described in the record, may be briefly stated. After serving a short apprenticeship, covering a few days, during which he is instructed in the guidance and control of electric cars, he is installed as motorman, when his occupation consists in starting and stopping his car. It is true that he runs a machine propelled by electricity; that he must learn to use a "controller" by means of which the power is turned on and off, and he must use a pneumatic air brake in stopping his car. But the controller and the brake, though far from simple in their adaptation of physical laws to commercial purposes, offer no difficulty whatever to the motorman, who merely moves them backwards and forwards, describing an arc of a circle within the mechanical limitation of their construction. It is suggested that the duties of a motorman are not entirely

physical, and we must concede this to be true. Perhaps more than the usual mental equipment is required for this particular kind of labor. Certainly more than is demanded by certain occupations we can call to mind. However, we can not subscribe to the idea that a laborer needs only to possess sufficient strength for his tasks. It is difficult to perceive of any occupation which does not require some quality of the mind, however primitive, in the discharge of its duties. It is, of course, difficult to draw the line which distinguishes the laborer from the artisan or professional worker. Webster gives us the following definition of labor:

"Human effort, bodily or mental, made wholly or partly, for some end other than the pleasure directly ensuing from its performance."

Of course, the physical predominates over the mental activities of the laborer. The word "laborer" is defined by the same authority as:

"One who does physical labor; one who works at a toilsome occupation; esp. a person who does work that requires strength rather than skill as distinguished from artisans and from the professional classes."

Our Supreme Court in holding that a car repairer was a "laborer", State vs. Ross, 144 La. 915, 81 South. 386, said:

"A laborer has been held, by various courts, in a restricted sense, to be one who performs manual labor, menial or physical exertion, labor or toil, not requiring special accuracy, knowledge or training, for hire, or wages, under the direction of his employer, master or superior, and hence distinguished from an artisan, professional man or skilled workman."

In Groves and Rosenblath vs. Atkins, 160 La. 107, the court held that a carpenter was a "laborer" but limited its decision to the particular carpenter under consideration.

"We prefer, however, to rest our decision in this case on the ground and nature of the work performed by relator in determining whether he was a laborer within the meaning of the statute, and not to lay down any definite rule by which all carpenters would be brought within or all excluded from the provisions of the statute. We have previously noted that relator worked under the direction of his employer. He exercised no skill, discretion, or judgment of his own. He did the bidding of his employer, and had, so to speak, no independent mind of his own. He earned his living by the 'sweat of his brow'."

A railroad engineer was held not to be a "laborer" because "his position is highly responsible, and required judgment and attention and conscientious discharge of duty" and "is not to be compared with a laborer who hires himself out to serve on plantations or to work and toil in manufactures as a mere servant, subject without question to the will and direction of the master". His "eye and hand are relied on to protect the hundreds of passengers whose safety depends on his skill and duty intelligently performed. He is an employee and not a mere laborer". State vs. Land, 108 La. 512, 32 South. 433.

In other jurisdictions we find that under a mechanic's lien law which extends to those who perform labor, an architect has been held to be included. Strykes vs. Cassidy, 76 N. Y. 50.

"A bookkeeper of a corporation who, though occupying a position as one of the directors thereof, and for that purpose having been made a nominal holder of stock,

yet has no pecuniary interest in the corporation, has been held to be a laborer and entitled to a lien for services." Consolidated Coal Co. vs. Chemical Co., 54 N. J. Eq. 309; Bouvier's Law Dictionary, Vol. 2, p. 1819.

"Under acts exempting the wages of laborers from garnishment a superintendent of the erection of a building: Moore vs. Heany, 14 Md. 559; a shipping clerk; Butler vs. Clark, 46 Ga. 466: an overseer of a plantation; Coraker vs. Matthews, 25 Ga. 571; the forwarding clerk of a railway company; Claghorn vs. Sancy, 51 Ga. 576; a bookkeeper; Lamar vs. Chisholm, 77 Ga. 306; a teacher; Hightower & Co. vs. Slaton, 54 Ga. 108, 21 Am. Rep. 273 (contra Seymour vs. School District, 53 Conn. 502, 3 Atl. 552); a private secretary to the president of a corporation; Abrams vs. Anderson, 80 Ga. 570, 5 S. E. 778, 12 Am. State Rep. 274; and a telegraph operator; Boyle vs. Vanderhoff, 45 Minn. 31, 47 N. W. 396; are held to be included in the term 'laborers'."

Bouvier, Vol. 2, p. 1820.

"Whether a person is a laborer or not under statutes exempting wages from garnishment depends upon whether his duties are mainly physical or mental." Buchanan vs. Echols & Nix, 70 S. E. 28.

"The test for determining who is a 'laborer' is whether the work of a particular person involves mental skill, business capacity, involving the exercise of the intellectual faculties, or whether the work depends on mere physical power and manual labor; in other words, whether mind or muscle preponderate in the performance of the work."

Thompson vs. Passmore, 72 S. E. 185.

In the case at bar there can be no doubt that defendant exerts far greater physical than mental powers in the performance of his duties. A motorman is easily distinguished from a railway engineer, as will appear by reference to the description of the engineer's occupation given in the quotation from State vs. Land, 108 La. 512, 32 South. 433 (supra).

Our conclusion is that the defendant, motorman, is a laborer within the meaning of the law exempting laborers' wages from seizure.

For the reasons assigned the judgment appealed from is affirmed.