D. H. HOLMES CO., LTD., v. KRON

(February 15, 1932. Opinion and Decree.)

Frymire & Ramos, R. R. Hagen and C. L. Stiffell, of New Orleans, attorneys for plaintiff, appellant.

Henry J. Rhodes, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff appeals from a judgment dissolving a seizure of defendant's wages under garnishment process. The lower court held that defendant was a laborer and his earnings exempt from seizure under article 644, Code of Practice, as amended by Act No. 79 of 1876 and Act No. 184 of 1918.

Defendant is employed by the United Shoe Machinery Company at a weekly salary of $19. His duties, as stated by himself, consist of keeping the warehouse "where we work at clean" and opening "boxes of stuff that comes in and I stack it upon the shelf." He also testified that he helped the shipping clerk and, when he is told to, makes out order blanks for the shipping clerk and "slips" for the delivery of packages.

The contention of plaintiff is that, in helping the shipping clerk and in making out orders for delivery of packages, defendant must be considered to be a clerk and not a laborer.

In Commercial Credit Company v. Parrett, 6 La. App. 423, where we held that a motorman was a laborer, the subject is reviewed at length. We said in that case that the fact that a laborer in the discharge of his duties must exert some mental effort does not affect his status as a laborer and render his wages subject to seizure. In other jurisdictions, it has been held that a shipping clerk, an overseer, a forwarding clerk, a private secretary, a teacher, and a telephone operator are laborers within the meaning of acts exempting the wages of laborers from garnishment. See authorities cited in Commercial Credit Co. v. Parrett, supra.

In the instant case defendant received $19 a week for opening boxes and putting their contents on shelves and for helping the shipping clerk occasionally. It seems clear to us that the trial court properly held that he was a laborer within the meaning of our laws exempting laborers' wages from seizure under garnishment process.

For the reasons assigned the judgment appealed from is affirmed.