BRISCOE *et al. v.* MONTGOMERY & COMPANY

A "commercial traveler," whose business it is to travel and sell goods for his employer, though employed and paid for his services by the day, is not a "day-laborer" in the sense in which these words are used in section 3554 of the code, and his wages are not exempt from the process of garnishment.

March 19, 1894. Argued at the last term.

*Certiorari.* Before Judge HENRY. Floyd superior court. March term, 1893.

HARPER HAMILTON, J. B. F. LUMPKIN and SEABORN WRIGHT, for plaintiffs in error.

DEAN & SMITH and A. G. EWING, *contra.*

LUMPKIN, Justice.

It was held in *Claghorn & Cunningham* v. *Saussy*, 51 *Ga.* 576, that the monthly wages of a " forwarding clerk " in the employment of a railroad company were not subject to the process of garnishment. An examination of the evidence in that case will show that the services of this clerk in the performance of his duties were such as to require at his hands, if not actual manual labor in the common acceptation of the term, certainly labor somewhat of that character.

In *Hightower & Co.* v. *Slaton et al.*, 54 *Ga.* 108, it was held that the monthly salary of a teacher employed in a public school could not be reached by garnishment. This decision seems to rest upon the ground that to allow this to be done would be contrary to public policy, because it would tend to deprive the public of the benefit of the teacher's valuable services; and besides, it would also be against public policy to allow the secretary and treasurer of the board of education, by whom, in his official capacity, the wages of the teacher were paid, to be subjected to the process of garnishment.

*Lamar* v. *Chisholm*, 77 *Ga.* 306, rules that the wages of a clerk and book-keeper are not subject to garnishment. This decision was made on the authority of *Smith* v. *Johnston*, 71 *Ga.* 748, and the cases there cited. It is obvious that, in the discharge of his duties, a clerk and book-keeper must necessarily perform a considerable amount of manual labor.

On the same line is the case of *Abrahams* v. *Anderson et al.*, 80 *Ga.* 570, which cites, in addition to the above cases, other decisions by this court in which section 3554 of the code has been held applicable.

We are not disposed to extend further the doctrine of these cases. In the case at bar, it did not affirmatively appear that Briscoe performed any manual labor in the conduct of his business as a traveling salesman for the

company he represented. He was employed as a " commercial traveler" to sell goods for this company, and his business called him anywhere in the United States the company might require him to go. In point of fact, he traveled for it and sold goods in Georgia, Alabama, Mississippi, Arkansas and Texas. Under these facts, we hardly think he properly falls within the class designated as " day-laborers " in section 3554 of the code, although, by his contract with the company, he was paid by the day. Indeed, a gentleman of his profession occupies a much higher station, socially and commercially, than that of a mere day-laborer, as that term is commonly understood.                    *Judgment affirmed.*