## McPHERSON *v.* STROUP.

1. Though the dismissal of a certiorari sued out to reverse the judgment of a magistrate rendered in a justice's court may have been based upon an erroneous reason, the judgment of dismissal will not be reversed by this court where it manifestly appears from an inspection of the entire record that, in any view of the case, the judgment of the magistrate was the only one which could properly have been rendered.

2. Therefore, even in a given instance a judgment rendered by a justice of the peace, and alleged to be contrary to law because unwarranted by the evidence, was properly reviewable on this ground by certiorari, for the reason that upon the undisputed facts as shown by the evidence the correctness of the judgment depended entirely upon a question of law in which no controversy as to facts was involved, a judgment of the superior court dismissing the certiorari because, in the opinion of the judge, the remedy of the losing party in the magistrate's court was exclusively by appeal, will not be reversed by this court

where it is clearly apparent that practically the same result, viz: the overruling of the certiorari, would and ought to have been reached, if the same had been heard upon its merits.

3. It is unnecessary to decide in the present case whether the writ of certiorari did or did not lie. This is so because, under the facts as they appeared, and in view of the decision of this court in *Oliver* v. *Macon Hardware Co.*, 98 *Ga.* 249, the magistrate's finding that the plaintiff in certiorari was not a "laborer" whose wages were exempt from garnishment was correct, and therefore his judgment was right and ought not to be disturbed. This conclusion results from an examination and consideration of the evidence, whether as recited in the petition for certiorari, or as reported by the magistrate, or as claimed to have been in the exceptions to his answer.

Argued January 13,—Decided February 22, 1897.

Garnishment—certiorari. Before Judge Lumpkin. Fulton superior court. March term, 1896.

*Kontz & Conyers*, for plaintiff in error.
*Robert L. Rodgers*, contra.

FISH, Justice.

Stroup sued McPherson in justice's court, for $67.80 on account, and garnished the Chattahoochee Brick Co., which answered that it was indebted to McPherson a certain amount. McPherson filed a claim to the fund, alleging that it was due him as a day-laborer and was his daily wages, and therefore was exempt from garnishment. Upon the trial of this issue in the claim case, the magistrate, after hearing the evidence, decided that the fund was not due McPherson for daily wages, that he was not a laborer, and that the fund was subject to garnishment. McPherson took the matter by certiorari to the superior court, alleging that the judgment was contrary to. law and evidence. McPherson was the only witness who testified upon the trial. His testimony as set out in the petition for certiorari was: that "a new verbal contract was entered into between said Parrott and McPherson whereby said McPherson was to receive the sum of $2.50 per day, solid time, and expenses, and that from time to time said McPherson has drawn money from the

Chattahoochee Brick Co., as he needed it, under said contract; that Casey is superintendent of convicts, who did the grading and parks; that Loftus is foreman of said convicts; that Backus has had charge of all brick work; that Smith had charge of all carpenters on the mill, and that Hamilton has had charge of all carpenters on the cottages since about September 1, 1895; that the duties of said McPherson consisted of laying out and seeing that said work was executed according to plans and specifications furnished him by said Chattahoochee Brick Co.; also, the said McPherson was hired by the day and worked by the day and so far has been paid by the day; also, that said work is his only means of support at the present time. Petitioner's duties consist of assorting and measuring timber and lumber, driving down stakes with his own hands, as to the depth of excavations to be made and how much dirt to be moved, and to handle the transit, theodolite and other surveying instruments in locating buildings, and, when necessary, to use the ax and spade. The wages answered to be due petitioner are his daily wages, and earned by his daily labor. Petitioner was paid monthly at the rate of $2.50 per day; the term "expenses" meaning car-fare, if he had to go to first one place and then another in surveying ground and designating the sites of buildings in different localities, and also his meals and board when away from home. In a word, his day-labor was to net him $2.50 per day. Petitioner hired no men nor any gang of other laborers or contractors, but worked under orders from the Chattahoochee Brick Co., like any other day-laborer." In the magistrate's answer it is stated that, "McPherson testified that he was a day-laborer for the Chattahoochee Brick Co., that he was paid monthly at the rate of $2.50 per day, that if he lost time it was deducted from his wages, that in addition to the $2.50 per diem he received his expenses. When cross-examined, he admitted that he was a civil engineer, that it was his duty to make surveys for grading, &c.; that he examined and

passed upon all lumber used by the company in building under contract and otherwise; that he laid out work for Backus and other bosses; that he overlooked them and saw that the work was properly done; that he did not hire or discharge men, but that he did direct them." In exceptions to the answer of the magistrate, it is alleged that "said answer does not contain the evidence of McPherson to the effect, that he was not hired by garnishee as a professional civil engineer; that he was hired to do and did do whatever Parrott told him; that he was a 'roustabout'; that he sorted out and measured lumber with his own hands, handled brick, to see that they were up to sample; drove down stakes with his own hands, used on various occasions the spade and ax whenever the same was necessary; there were superintendents in charge of all the different departments; he was not in charge of any department; when not busy laying off ground, he acted and worked as check clerk and bill clerk to make out lists of lumber, check and assort the same." Petitioner in certiorari, in his exceptions to the answer, asked an order requiring the magistrate to answer over. The court declined to grant the order, holding that, as the answer purported to give the testimony of the witness, the allegation in the exceptions that he had testified to other facts materially different from the evidence set out in the answer, was matter for traverse rather than exception. Upon motion, the court dismissed the certiorari, on the ground that issues of fact were involved in the trial before the magistrate, and that certiorari from his judgment thereon was not the proper remedy.

1, 2. If it manifestly appears, from an inspection of the entire record, that in any view of the case the judgment of the magistrate was the only one which could properly have been rendered, the dismissal of the certiorari sued out to reverse such judgment will not be reversed by this court, although the dismissal may have been based upon an erroneous reason. The court below based the dismissal

upon the ground that issues of fact were involved in the trial before the magistrate, and that therefore appeal and not certiorari was the only appropriate remedy for the losing party in such trial. Viewing the case as a whole, it becomes entirely unnecessary for this court to decide whether or not this ground of dismissal was correct, since in our opinion the judgment of the magistrate was the only one which could properly have been rendered upon the evidence disclosed in the record. Even if certiorari was the proper remedy, and the court had not dismissed it upon motion, but had heard the case on its merits and considered all the alleged evidence, that recited in the petition, that reported by the magistrate, and that set out in the exceptions to his answer, the same result would have followed, because under this evidence the magistrate's judgment was manifestly right and should have been affirmed, and it was the duty of the judge of the superior court, under such circumstances, to have overruled the certiorari.

3. Under the facts as they appeared from all the evidence, and in view of the decision of this court in *Oliver* v. *Macon Hardware Co.*, 98 *Ga.* 249, McPherson was not a "laborer" whose wages were exempt from garnishment. In that case the question considered was whether or not a clerk employed in a store, office, or other place of business, is a "laborer" within the meaning of sections 2792 and 4732 of the Civil Code; the former giving laborers a general lien for their labor upon the property of their employers, and the latter exempting the wages of laborers from the process of garnishment. Justice Lumpkin, who delivered the opinion, after reviewing all the former cases on the subject decided by this court, says that, "We think all the cases previously decided can be reconciled and harmonized by adopting the line indicated in the first head-note of the present case." That head-note is as follows: "Primarily, a clerk in a mercantile establishment is not a "laborer" in the sense in which that word is used in section 1974 of the code, even

though the proper discharge of his duties may include the performance of some amount of manual labor. If the contract of employment contemplated that the clerk's services were to consist mainly of work requiring mental skill or business capacity, and including the exercise of his intellectual faculties, rather than work the doing of which properly would depend upon mere physical power to perform ordinary manual labor, he would not be a laborer. If, on the other hand, the work which the contract required the clerk to do was, in the main, to be the performance of such labor as that last above indicated, he would be a laborer. In any given case, the question whether or not a clerk is entitled, as a laborer, to enforce a summary lien against the property of his employer, must be determined with reference to its own particular facts and circumstances." In the opinion, Justice Lumpkin says: "Every human being who follows any legitimate employment, or discharges the duties of any office, is, in a very broad sense, a laborer. The President of the United States, the Governor of the State, and the Justices of this court are all laboring men in the sense that they do a great deal of hard work, much of which is, indeed, attended with physical and muscular exertion; but at the same time they cannot properly be termed "manual laborers," either in the popular sense in which these words are used and understood, or in the sense in which the term "laborers" was employed in the statutes under consideration. The legislature manifestly had reference to the work in which such "laborers" were engaged, rather than to the particular designation by which they were usually distinguished one from the other. In determining whether a particular clerk or other employee is really a laborer, the character of the work he does must be taken into consideration. In other words, he must be classified not according to the arbitrary designation given to his calling, but with reference to the character of the services required of him by his employer." In the light of this decision, was McPherson a "laborer" whose wages were ex-

empt from garnishment? He is not to be classified according to the arbitrary designation given to his calling, viz: a civil engineer, but with reference to the character of the services required of him by the Chattahoochee Brick Co., his employer. Nor can we, in classifying him, consider his opinion or conclusion that he was a "laborer"; the character of his work must determine the question. By reference to his testimony, it will readily appear that while he may have performed some work with his hands, some work attended with physical and muscular exertion, yet his services, in the main, were not such as depended for their proper performance upon mere physical power to do ordinary manual labor, but consisted principally of work requiring mental skill or business capacity and involving the exercise of his intellectual faculties. Therefore, he was not a laborer whose wages were exempt from garnishment, and the magistrate was correct in so deciding, as was the court below in dismissing the certiorari, without regard to the ground upon which the dismissal was based.

*Judgment affirmed. All the Justices concurring.*