## STUART *v.* POOLE.

In the light of the decision of this court in *Oliver* v. *Hardware Co.*, 98 *Ga.* 249, a street-railway conductor whose duties are of the nature indicated by the evidence introduced in the present case is a "laborer" within the meaning of section 4732 of the Civil Code, and his wages as such are exempt from the process of garnishment.

Submitted January 29, — Decided February 28, 1901.

Certiorari. Before Judge Brinson. Richmond superior court. January 20, 1900.

*E. B. Baxter*, for plaintiff in error.
*P. D. Shearouse* and *F. E. Obenauf*, contra.

LUMPKIN, P. J. The only question presented by the bill of exceptions in the present case is whether or not the wages of the plaintiff in error were exempt from the process of garnishment, on the ground that he was a "laborer" within the meaning of section 4732 of the Civil Code. The case was tried in a justice's court upon an agreed statement of facts, and a judgment was therein rendered subjecting Stuart's wages to the garnishment. He sued out a certiorari, to the overruling of which he excepted. From the agreed statement of facts it appeared that he was a "street-railway conductor," and that his duties as such were as follows: "To keep the car in general order; to couple and uncouple trail cars when used; to keep lights dusted off and in proper condition; to keep the guard-rails of the car in proper position; to attend to the trolley and keep it in place; to keep the seats of the car turned; to

help passengers on and off the car; to help put the car back on the track if it gets off, and to help remove all obstructions from the track; to change switches when there are switches, but not to open or close frogs; to get off and flag every railroad crossing; to look out for accidents at the rear of the car." It further appeared from the agreed statement of facts that: "The conductor and motorman have joint charge of the car; the conductor gives the order for starting and stopping, except that the motorman stops the car of his own motion for passengers who hail the car, or who themselves ring the bell to stop; the conductor collects fares and issues transfers. As to keeping schedules, rule 52 of the duties of conductors," as promulgated by the railway company of which Stuart was an employee, "shows that 'conductors must keep the correct time as shown by their company's standard clock. Cars must be run closely to schedule time, and whenever a car is off schedule, the conductor must be prepared to give a reasonable explanation of the cause. Unreliable watches will not serve as an excuse.' The motorman is also responsible for running the car on schedule time, and the same requirements are made of him as to keeping schedule time."

We are of the opinion that the magistrate reached the wrong conclusion from this state of facts, and that the superior court erred in not sustaining the certiorari. The test for determining whether or not a given employee is a "laborer" within the meaning of the above-mentioned section of the code was laid down in the case of *Oliver* v. *Hardware Co.*, 98 *Ga.* 249, and is as follows: "If the contract of employment contemplated that the [employee's] services were to consist mainly of work requiring mental skill, or business capacity, and involving the exercise of his intellectual faculties, rather than work the doing of which properly would depend upon a mere physical power to perform ordinary manual labor, he would not be a 'laborer.' If, on the other hand, the work which the contract required the [employee] to do was, in the main, to be the performance of such labor as that last above indicated, he would be a 'laborer.'" Every occupation, however menial, involves the exercise of some degree of sense or judgment; and every calling, however exalted, carries with it the performance of work which partakes more or less of the nature of drudgery. In the light of the decision in the *Oliver* case and of the cases upon which it was

founded, we think the present case argues itself. In our opinion, the agreed statement of facts necessarily conveys the idea that the major portion of the work required of Stuart was of a character depending more "upon a mere physical power to perform manual labor" than upon the possession by him of "mental skill, or business capacity, . . involving the exercise of his intellectual faculties." We also think it quite apparent that the greater portion of Stuart's time must have been occupied in performing labor of the former and not of the latter kind. On the whole, therefore, it is our judgment that he should, under the facts appearing, have been classed as a laborer whose wages were exempt from garnishment.

*Judgment reversed. All the Justices concurring, except Simmons, C. J., and Cobb, J., absent.*