KLINE *v.* RUSSELL.

113 1085
117 460

COBB, J. 1. Where a debtor claimed that a sum which his creditor was seeking to reach by a process of garnishment was due to him as a laborer, and therefore not subject to such process, it was not, upon the trial of an issue thus arising, erroneous to charge : " If the contract of employment contemplated that the clerk's services were to consist mainly of work requiring mental skill or business capacity, and involving the exercise of his intellectual faculties, rather than work the doing of which properly would depend upon a mere physical power to perform ordinary manual labor, he would not be a 'laborer.' If, on the other hand, the work which the contract required the clerk to do was, in the main, to be the performance of such labor as that last above indicated, he would be a ' laborer.' " *Oliver* v. *Macon Hardware Co.,* 98 *Ga.* 249.

2. According to the rule laid down in the case above cited, and in view of the evidence appearing in the record, the plaintiff in error was not a laborer whose wages were exempt from the process of garnishment. See *Ensel* v. *Adler,* 110 *Ga.* 326, and cases cited ; *Stuart* v. *Poole,* 112 *Ga.* 818.

3. The preceding notes deal with the only questions presented in the motion for a new trial, in so far as the grounds thereof were verified by the trial court.

*Judgment affirmed. All the Justices concurring.*

Argued May 29, — Decided July 23, 1901.

Garnishment.   Before Judge Lumpkin.   Fulton superior court. October 20, 1900.

Kline was a forwarding and shipping clerk of a railroad company (the garnishee).  His duty was, to see that freight was properly loaded on cars by truck hands working under his direction ; to check the freight as it was loaded; and to make written reports to the local freight agent, showing what cars were loaded, their numbers, the number of pounds of freight, and the time of loading.  He was not required to handle the freight manually.  If the force employed for loading was not large enough, he was authorized to employ additional help.   He worked under another person, and both were under the local freight agent, who employed them.   He was furnished with bills by which he loaded the cars, and with a book giving the location, distance, and direction of shipping points.   He was required to see that the freight was loaded in such a way that it could easily be taken off when the train reached the stations to which it was shipped.   To do the work satisfactorily required an intelligent man, with a general knowledge of the geography of the country, and familiarity with the book mentioned.   The work required him to be on his feet and to be moving about from early in the morning until late at night.   His pay was $60 per month, and he was liable to be discharged at the will of the agent at any time.

G. W. Brooks, for plaintiff in error.  R. J. Hancock, contra.