## GORDON COUNTY et al. v. PYRON et al.

It appearing that the question at issue is not so much whether an injunction should have been granted as whether or not the order passed was in proper form, and it not appearing that there was any abuse of discretion on the part of the trial court, the judgment will not be disturbed.

Argued April 5, — Decided May 14, 1904.

Injunction.  Before Judge Fite.  Gordon superior court.  February 27, 1904.

*R. J. & J. McCamy*, for plaintiffs in error.

*G. A. Coffee* and *G. A. H. Harris & Son*, contra.

CANDLER, J.  Pyron and others brought suit to enjoin the county authorities of Gordon county from letting a contract to build a bridge over the Oostanaula river at a designated point in the county, the grounds of the petition being that no provision had been made by the county authorities to pay for the bridge; that the Oostanaula river is a navigable river opened up to navigation and kept in a navigable condition by the United States government, and no permission has been obtained from the United States authorities to erect such a bridge, as is required by law; and that there is no public road on either side of the river to the place where it is contemplated that the bridge shall be erected.  The petition also alleged that the county authorities had grossly abused their discretion in the selection of the place where the bridge was to be built.  The answer of the defendants admitted that no direct provision had as yet been made for defraying the expenses of building the bridge; but averred that, so soon as the cost of its erection could be ascertained, a tax would be levied to cover that amount.  It was also admitted that no permission had been obtained from the United States authorities to build the bridge, and that at the point where the bridge was to be built there was no road on either side of the river, though it was averred that the parties owning the land in the vicinity through which it was proposed to build a road to the new bridge had declared their willingness to donate the land necessary for the road without any cost to the county.  The defendants denied that they had abused their discretion, and claimed in their answer that no court had any power to control their discretion in the matter.  The judge of the court below seems to have passed upon the case entirely from an inspection of the pleadings, as no evidence for either side was brought up with the record.  The bill of exceptions recites that "defendants requested the court to frame the injunction so as to enjoin them only until such time as they could get the consent and approval of the secretary of war for the United States and the chief of engineers thereof for the building of said bridge;" that

"plaintiffs' counsel moved the court to grant the usual order restraining the defendants till the further order of the court;" and that "the court passed the order moved by plaintiffs, enjoining the defendants until the further order of the court; to which decision of the court granting plaintiffs' motion and overruling that of the defendants the said defendants then and there excepted and now assign the same as error." It will thus be seen that the plaintiffs in error practically admit the propriety of an injunction restraining them from letting a contract for the erection of the proposed bridge until such time as will be required for them to obtain the consent of the United States authorities for the completion of their project; and that practically the only question at issue is whether the court erred in not framing the injunction so as to make it continue until that specific time, rather than until "the further order of the court." In this view of the case the judgment must of course be affirmed. It being, apparently, admitted that the bridge could not be legally erected without the consent of the United States authorities, and that in the absence of that consent the grant of an injunction was proper, it can not be said that the court abused its discretion in making the injunction binding until its further order, rather than until the necessary consent could be obtained. It is also to be borne in mind that the court had before it no evidence, and was compelled to rely on the pleadings for the facts upon which to base its ruling. The defendants themselves admitted that no road led to the site of the proposed bridge on either side of the river; and while it was claimed that such a road was projected, it does not seem to have gotten any further than the minds of the projectors. Relying, as we must, solely on the pleadings for the facts, we can not say that the court erred in granting an injunction.

We do not lose sight of the request contained in the brief of counsel for the plaintiffs in error that this court decide "what we have to do to be enabled to build this bridge;" but, consistently with our uniform practice, we must decline to pass on any question not legally presented for our decision.

*Judgment affirmed. All the Justices concur.*