### PRATHER v. PANTONE.

ATKINSON, J. Under the ruling made in the cases of *Oliver* v. *Hardware Co.*, 98 *Ga.* 249, and *Moultrie* v. *Crocker*, 125 *Ga.* 82, the defendant, whose employment was that of building cabs and pilots for railway locomotives, was a "laborer" within the meaning of the Civil Code, § 4732, exempting the wages of journeymen mechanics and day-laborers from process of garnishment. The fact that the laborer is paid according to the amount, and not the length of time of his work, does not preclude him from claiming the exemption. See *Johnson* v. *Hicks*, 120 *Ga.* 1002.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Argued March 1,—Decided July 5, 1906.

Garnishment. Before Judge Crisp. City court of Americus. March 21, 1905.

The plaintiff, under an execution against the defendant, sought to garnishee certain money due the latter by the Seaboard Air-Line Railway. The defendant contended that the money was earned while he was in the employ of the railroad company as journeyman mechanic or day-laborer, and hence was not, under the Civil Code, § 4732, subject to garnishment. On the trial the plaintiff introduced a witness who testified, that the defendant was employed in the railroad company's shops in the capacity of cab and pilot builder for locomotive engines; that he was a skilled mechanic and an expert, and that "holding his job" was as much dependent upon his mental ability as upon his ability to perform manual labor, the one being about as important as the other; that he was paid monthly and in accordance with the number of cabs and pilots built, and not in accordance with the time consumed in his work; that he had no men under him, but, in all the work he performed in building the cabs and pilots, he did all the manual labor himself. No further testimony on this subject being introduced by the plaintiff, the court directed a verdict for the defendant, and the plaintiff excepted.

*Hooper & Dykes,* for plaintiff.

*Williams & Harper,* for defendant.