### 469. HOWELL *v.* ·ATKINSON.

1. Lien laws, being in derogation of the common law, are to be strictly construed, and he who claims a lien must show that there was a contract, by the terms of which he is entitled to the lien he claims.
2. "Primarily, a clerk in a mercantile establishment is not a 'laborer' in the sense in which that word is used in § 1974 [now § 2729] of the code, even though the proper discharge of his duties may include the performance of some amount of manual labor." When a clerk seeks to foreclose a lien as a laborer he assumes the burden of proving that the labor he contracted to perform, as well as such as he did in fact perform, was *mainly* physical, and that by reason of the nature of his employment he can properly be classed as a laborer.
3. If the contract of employment of a clerk in a store contemplates that his services are to consist mainly of work requiring mental exercise, or personal influence in inducing custom, and involving the use of his intellectual faculties, rather than work dependent upon physical power to perform manual labor, he would not be a laborer. "If, on the other hand, the work which the contract requires the clerk to do was, in the main, mere manual labor, he would be a laborer."
4. The nature of the labor to be performed, and whether the mental element preponderates or not, is to be determined by the contract of employment. And while the facts and circumstances as to the duties actually performed may be considered, where the contract of employment rests in parol, in determining what was the real contract the nature of the duties required to be performed under the contract classifies one as a laborer or as not a laborer. One who claims a laborer's lien must be classified with reference to the character of the services required of him by his employer under the terms of the contract of employment.
5. The evidence being insufficient to establish the fact that the plaintiff was a laborer, the certiorari should have been sustained.

Certiorari, from McDuffie superior court—Judge Hammond.. March 6, 1907.  ·

Submitted October 14,—Decided November 25, 1907.

*G. L. Callaway,* for plaintiff in error. *John T. West,* contra.

RUSSELL, J. The defendant in error sought to foreclose a laborer's lien in a justice's court against the plaintiff in error. The defendant filed counter-affidavits contesting and denying the existence of the alleged lien. The plaintiff claimed a lien for $41.10. The jury in the justice's court returned a verdict in his favor for $38.94. The defendant carried the case by certiorari to the superior court; the certiorari was overruled, and he excepts to that judgment.

The petition for certiorari presents various assignments of error which need not here be considered. One question is involved which is determinative of the case. Was the evidence on the trial in the justice's court sufficient to authorize the finding that the plaintiff was a laborer? He was proceeding to foreclose a lien as such. It is a quick remedy, but also a harsh one. In any event, he had the right, if the defendant owed him, to sue and recover. But unless he was a laborer he was not entitled to that remedy provided expressly and primarily for those who toil and in the sweat of their brows earn their bread. The liberality of judicial decision has added largely to the number of those included within the class known as laborers or laboring people. The writer doubts not, after a review of the earlier cases upon this subject, that the tendency of judicial interpretation has been to increase the number of those included in the laboring classes far beyond the bounds originally contemplated by legislative wisdom. There are few subjects which have been oftener before the Supreme Court than the question, *"who is a laborer?"* That there is apparent conflict in the definition given by the court in different decisions is recognized by Justice Lumpkin, in *Oliver* v. *Macon Hardware Co.,* 98 *Ga.* 249 (25 S. E. 403, 58 Am. St. R. 300) ; and in that decision certain rules for the determination, from the facts in each particular case, of the question whether a certain individual is or is not a laborer are enumerated; and we shall base our decision in this case upon these rules. Before we come to that portion of the case, however, in view of the fact that "in any given case the question whether or not a clerk is entitled, as a laborer, to a summary lien against the property of his employer must be determined with reference to its own particular facts and circumstances," and in view of the further fact that we shall in this case deal only with the evidence submitted on the trial in the justice's court, it is

proper to inquire into the nature of the burden devolving upon the plaintiff in such a case as this.

Every plaintiff carries the burden of establishing his case as laid. If the plaintiff had brought an ordinary suit, it would have devolved upon him to prove that the defendant was indebted to him in the amount he claimed. When he claims a special lien as a laborer for that amount, the burden he assumes is increased. It then devolves upon him to show that the defendant owes him not only the amount claimed, but, in addition, to show that he is entitled, under the evidence and by law, to that special preference and priority which results from his lien if established. Lien laws, being in derogation of the common law, must be strictly construed, and he who claims a lien must show that there was a contract, by the terms of which he was entitled to the lien he claims.

It is strenuously insisted by learned counsel for defendant in error that the determination of the issue as to whether one is a laborer is dependent upon the facts of each particular case, and that the jury in this case, having passed upon the facts and adjudged the defendant in error to be a laborer, their verdict should not be disturbed. Nothing is further from the intention of this court than to interfere with the prerogative of the jury in the ascertainment of the truth or the settlement of the true issues of fact; but the nature and amount of proof necessary to establish an essential fact is determined by law. The nature of the proof is not only declared, but it has also been adjudicated that as to one claiming to be a laborer, the proof must show that his duties, as defined by his contract of employment and the requirements of his employer, are mainly physical. It will not suffice to show that some of his duties are physical or manual in their nature, while some of the labor he is required to perform depends upon the exercise of his intellectual faculties. This must be shown, it is true; but the proof must go further and must establish the ratio and proportion between the two, and must demonstrate that in the labor required to be performed by the employee, the manual or physical preponderates over the mental. It is as much a part of the burden which the plaintiff has to carry to establish this fact of preponderance of physical duties as it is to show that the defendant owes him at all, if he wishes to entitle himself to those special privileges of priority of lien accorded by law to the laborer. The plaintiff in

this case did not, in our opinion, establish the right of his claim to the priority of a laborer's lien; because the evidence does not disclose or give any intimation that the major portion of his duties, under the contract of employment, were to be those of laborer, or that the major portion of the duties he actually performed, at the requirement or with the assent of his employer, were manual. Whether the contract of employment be oral or in writing, it is by the contract of employment primarily that the nature of the duties of the employee is to be determined; and from the contract primarily it is to be ascertained whether the major portion of the employee's service requires the exercise of the intellectual faculties, or whether the major portion of his duties are such as require only the use of physical force, strength, and endurance. Of course there may be a novation of the contract, growing out of a requirement of different or additional services at the hands of the employee from those originally contracted for, and his assent to and performance of these new duties. Or the employer may, by assenting to the performance of duties by his employee which are mainly physical, and whereby the major portion of the service performed becomes mere manual labor, himself consent to the creation of a new contract, and thereby waive the original contract; from which would arise a novation. But in any event it must appear that there was a contract between the employer and the employee, and that under the terms of that contract, either as originally made or as construed by the action of the parties, the greater portion of the duties of the employee were those of a laborer,— merely manual.

2. "Primarily, a clerk in a mercantile establishment is not a 'laborer' in the sense in which that word is used in § 1974 [now 2792] of the code, even though the proper discharge of his duties may include the performance of some amount of manual labor." When a clerk seeks to foreclose a lien as a laborer, he assumes the burden of proving that the labor he contracted to perform, as well as such as he did in fact perform, was *mainly* physical, and that by reason of the nature of his employment he can properly be classed as a laborer. In *Hinton* v. *Goode*, 73 *Ga.* 233, in which it was decided that "one who is employed merely to labor as a clerk in a store is not such a laborer as is contemplated by . . the code, giving a lien to a laborer on the property of his employer."

Justice Blandford, who delivered the opinion of the court, said: "'Laborers,' as used in the statute, mean what were generally and universally known as laborers at the time of the passage of the act. A laborer is one who works at a toilsome occupation—a man who does work requiring little skill, as distinguished from an artisan—sometimes called a laboring man. (Webster.) Clerks, agents, cashiers of banks, and all that class of employees, whose employment is associated with mental labor and skill, were not considered laborers, . . so as to have a lien for their wages. And this is the effect of the previous rulings of this court. 49 *Ga.* 511; 63 Id. 172; 68 Id. 658. . . This is a summary remedy, and the party seeking it must show himself clearly entitled to it, and the statute affording the remedy will be strictly construed. 45 *Ga.* 161; 60 Id. 104; 66 Id. 732." In *Ricks* v. *Redwine,* 73 *Ga.* 275, Justice Hall, delivering the opinion and referring to the *Hinton* case, supra, says: "All the former cases on the subject were reviewed in the case of *Hinton* v. *Goode & Crumbley,* decided at this term of the court. We are entirely satisfied that the conclusion rendered in that case is correct, and we think it amply vindicated by the reasons given by Crawford, J., in *Richardson* v. *Langston & Crane,* 68 *Ga.* 658." In the *Richardson* case, in the opinion of Justice Crawford, which was approved in the *Ricks* case, it is said: "To entitle one to this summary right to an execution against the property of another, without a hearing, the uniform ruling of this court has been that he must bring himself strictly within the requirements of the law. §1991 declares that he must show all the facts necessary to constitute a lien under the code. I do not understand that clerks, or persons doing general service, although they may labor, are therefore laborers in legal contemplation. . . To enlarge upon class legislation by implication should not be the policy of courts, and especially so where ex parte summary remedies are allowed."

The Supreme Court thus having reviewed and considered the numerous decisions up to the 73d volume of *Georgia Reports,* in *Oliver* v. *Macon Hardware Co.,* 98 *Ga.* 249, it reviews the intervening cases of *Lamar* v. *Chisholm,* 77 *Ga.* 306, *Abrahams* v. *Anderson,* 80 *Ga.* 570 (5 S. E. 778); *Briscoe* v. *Montgomery,* 93 *Ga.* 602 (20 S. E. 40), and also the case of *Smith* v. *Johnson,* 71 *Ga.* 748. In delivering the opinion of the court in the *Oliver* case,

Justice Samuel Lumpkin says that all the previous cases can be harmonized by the adoption of a uniform rule. This rule he announces in the first headnote, and expressly holds that the character of work to be done must be taken into consideration and that the laborer must be classified,—"not according to the arbitrary definition given to his calling, but with reference to the character of the services required of him by his employer." The first headnote (which, the court says, "states the idea as clearly as we can express it") is as follows: "Primarily, a clerk in a mercantile establishment is not a 'laborer,' in the sense in which that word is used in §1974 of the code, even though the proper discharge of his duties may include the performance of some amount of manual labor. If the contract of employment contemplated that the clerk's services were to consist of work mainly requiring mental skill, or business capacity, and involving the exercise of his mental faculties, rather than work the doing of which properly would depend upon a mere physical power to perform ordinary manual labor, he would not be a 'laborer.' If, on the other hand, the work which the contract required the clerk to do was, in the main, to be the performance of such labor as that last above indicated, he would be a 'laborer.' In any given case, the question whether or not a clerk is entitled, as a laborer, to enforce a summary lien against the property of his employer, must be determined with reference to its own particular facts and circumstances." The opinion then proceeds: "Every human being who follows any legitimate employment, or discharges the duties of any office, is, in a very broad sense, a 'laborer.' The President of the United States, the Governor of this State, and the Justices of this Court, are all laboring men, in the sense that they do a great deal of hard work, much of which is, indeed, attended with physical and muscular exertion; but, at the same time, they can not properly be termed 'manual laborers,' either in the popular sense in which these words are used and understood, or in the sense in which the term 'laborers' was employed in the statutes under consideration."

Whether one is or is not a laborer has been uniformly tested by the Supreme Court by the fact as to whether the labor of such a one is mainly physical and drudgery, or mental labor. The decision in the *Oliver* case has been followed in *McPherson* v. *Stroup,* 100 *Ga.* 232 (28 S. E. 157), *Ensel* v. *Adler,* 110 *Ga.* 818 (35 S..

E. 334), *Hunter* v. *Morgan,* 108 *Ga.* 409 (33 S. E. 986), *Kline* v. *Russell,* 113 *Ga.* 1085 (39 S. E. 477), *Tabb* v. *Mallette,* 120 *Ga.* 101 (47 S. E. 587, 102 Am. St. R. 78), and other decisions. In *Pike* v. *Sutton,* 115 *Ga.* 688 (42 S. E. 58), while the decision in the case is merely a headnote, upon an examination of the original record we find, in addition to what appears in the headnote, that the employer testified that the clerk in that case was employed to do anything he was wanted to do, and that he had the duty, among others, of delivering parcels of goods purchased, to the vehicles of the customers. The evidence plainly shows that, under the terms of his employment, the clerk in that case might have been kept at manual labor exclusively. The cases of *Stewart* v. *Poole,* 112 *Ga.* 818 (38 S. E. 41, 81 Am. St. R. 81), and *Prather* v. *Pantone,* 125 *Ga.* 808 (54 S. E. 663), are cited by counsel for defendant in error. Neither of these cases is in conflict with our ruling in this case. In the first case cited, as stated by the Supreme Court, the major portion of the work required of Stewart was of a character depending more upon a mere physical power to perform manual labor than upon the possession by him of mental skill or business capacity, and it was "quite apparent that the greater portion of Stewart's time must have been occupied in performing labor of the former and not of the latter kind." Nothing is decided in the *Prather* case except that a laborer who is paid by the amount of his work, instead of by the length of time in which he is engaged at the work, is none the less a laborer. The decision in the *Prather* case rests on the previous decisions in *Johnson* v. *Hicks,* 120 *Ga.* 1002 (48 S. E. 383), and *Moultrie* v. *Crocker,* 125 *Ga.* 82 (54 S. E. 197). In none of these three cases, however, was there any dispute that the parties who were sought to be garnished were engaged in labor almost wholly physical.

4. The plaintiff in this case sought a laborer's lien. The evidence, in the application of such a remedy and in the bestowal of such a priority, must clearly show his right to the privilege and benefit he claims. The evidence failed to classify the plaintiff as a laborer, in that the proportion of physical labor performed by him, or rather contracted to be performed, does not clearly appear to have been greater than the mental. He was employed as a clerk, and for his influence in inducing custom; which is sometimes one of the most valuable assets of a clerk. Primarily he

was no laborer. The evidence does not show that the greater portion of his time was taken up with dusting or scrubbing or sweeping the floor. And the fact that this clerk may have brought an occasional bucket of water, or, upon occasion, may have trucked some goods from the depot, is not sufficient to remove the presumption that a clerk is not a laborer. The burden is upon him to show that his duties were *mainly* physical, and that the performance of manual labor occupied the greater portion of his time. In our opinion the plaintiff in this case not only failed in this regard, but the evidence does not disclose any proof of the real proportion between the menial and the mental duties.

*Judgment reversed.*