### 6731

#### CRAWFORD v. OWENS.

1. BOND.—PAROL EVIDENCE explanatory of the circumstances under which a bond was signed which does not affect the tenor of the bond, is admissible.

2. IBID.—SURETY.—When a joint bond is delivered to payee signed only by surety, whether payee had notice of understanding between surety and principal that he should sign before delivery, is immaterial, as the obligee is bound by all the facts disclosed on the face of the bond, which showed that principal should have signed; he is also bound by the stipulation in the contract which provided for a bond with surety; the obligee can not enforce same against surety.

Before MEMMINGER, J., Richland, —————————, 1907. Affirmed.

Action by R. B. Crawford *et al.* against S. H. Owens. From judgment for defendant, plaintiffs appeal.

*Mr. Frank G. Tompkins,* for appellant, cites: *Form of this bond does not show that another was to sign:* 43 S. C., 489; 77 N. W., 808; 55 Neb., 682; 43 Neb., 596; 61 Minn., 12; 29 N. C., 384; 105 Ia., 548; 79 Wis., 641; 16 Me., 142; 51 Me., 506; 134 Pa., 191. *Agreement between surety and principal that others are to sign is not sufficient to relieve surety:* 34 Minn., 393; 56 N. Y., 67; 62 Minn., 94; 59 Cal., 444; 10 Mass., 442; 73 N. C., 138.

*Messrs. E. McC. Clarkson* and *James S. Verner,* contra, cite: *The obligee knew principal was to sign the bond and*

*when he accepted it without such signature it is not binding on surety:* 6 Rich., 497; 16 S. C., 593; 8 Rich., 230; 32 S. C., 229; 43 S. C., 489; 39 L. R. A., 847. *Obligor had not complied with conditions in getting signatures of principal on bond:* 69 S. C., 300; 54 S. C., 601. *Judge must pass on contracts in writing:* 60 S. C., 401; 24 S. C., 359; 66 S. C., 463. *Payments made in advance of contract stipulations release surety:* 51 S. C., 123.

February 8, 1908. The opinion of the Court was delivered by:

MR. JUSTICE JONES. The plaintiffs as obligees of a bond under seal brought this action against the defendant as surety for the faithful performance of a contract by J. G. Harmon to erect a dwelling-house for plaintiffs. The written contract between Harmon and plaintiffs was executed April 20, 1905, containing specifications, with stipulations as to payment by installments at certain stages of the work. In this contract, drawn by plaintiffs, Harmon makes reference to his bond, dated April 20, 1905, as binding him in the sum of $2,000.00 unto the plaintiff, "and secured by . . . . . . and . . . . . . . . . . . . . . to erect," etc. It appears, however, that in June, 1905, the defendant, Owens, signed the bond in question and was, over objection, permitted to state the circumstances of his signing—that Harmon told him that he had gotten the contract and was going to build a house for plaintiff, who required a bond, and that Harmon wanted him to go on the bond with him, which he did; that he read the bond and supposed there was a second party signing it; that after signing the bond, he handed it to Harmon. Harmon delivered the bond to plaintiffs without signing. Plaintiff R. B. Crawford testified that when Harmon delivered the bond to him, he did not know anything about Owens' stipulating when he went on the bond that he was to have some one else to go on with him. Upon objection being made to this testimony, the Court ruled that it was admissible.

The bond in suit is as follows:

"Know all men by these presents, that we                    ,
of the County of Richland, State aforesaid, are held and
firmly bound unto ...................., of the State afore-
said, in the sum of two thousand 00-100 dollars ($2,000),
good and lawful money of the United States, to be paid to
the said Emma A. and R. B. Crawford, for which payment
well and truly to be made, we bind ourselves, our heirs,
executors and administrators, jointly and severally, by these
presents.    Sealed with our seal and dated this ...........
day of ............, 1905.

"Whereas, the said J. E. Harmon has entered into a cer-
tain contract with Emma A. Crawford and R. B. Crawford
for building complete, with all materials furnished by the
said J. E. Harmon, said contract dated April 20, 1905.

"Now, therefore, the condition of the said obligation is
such that if the said J. E. Harmon shall well and faithfully
perform the duties and obligations in and by the terms of the
contract according to its true intent and meaning, the above
obligation to be void, otherwise to remain in full force and
effect.                    (Signed)    S. H. OWENS (L. S.)."

"Signed, sealed and delivered in the presence of:"

It was shown that Harmon abandoned the contract before
completion of the building, after receiving nine hundred dol-
lars thereon, a sum which Mr. Crawford states was a "little
more" than he was required to pay at that stage of the work
under the stipulations of the contract.    The contract stipu-
lated for payment of five hundred dollars when the founda-
tion is laid, sills and sleepers; five hundred dollars when
frame raised, house weatherboarded, etc.    If the payment
of nine hundred dollars was in advance of the work, the
second stage of the work had not been completed.    After
notifying Owens of the fact that Harmon had abandoned
the contract and Owens not taking any step to complete the
building, plaintiffs undertook to complete the same, and in
doing so, made expenditures to the amount of at least

$1,604.03 in excess of the contract price, which was $3,100.00.

The plaintiff moved to direct a verdict for $1,604.03 and the defendant moved to direct a verdict in his favor. The Court directed a verdict for defendant for two reasons: (1) That the defendant surety is released because the plaintiffs took the bond without the signature of the principal, Harmon, with knowledge from the face of the papers that he was to sign the bond, citing *Sullivan* v. *Williams,* 43 S. C., 507, 21 S. E., 462. (2) That the payment of installment before due in advance of the performance of the work, as stipulated, released the surety under the authority of *Greenville* v. *Ormand,* 51 S. C., 125, 28 S. E., 147.

After careful consideration we find no error in the rulings of the Court.

The testimony admitted over objection was competent to explain the circumstances under which the bond in suit was executed, the terms of the bond not being thereby affected. *Sullivan* v. *Williams, supra.*

The testimony of plaintiff, Crawford, that he had no notice that Owens signed with the understanding that he was to sign with Harmon, as his surety, was immaterial, in view of the stipulation of the written contract drawn by him providing for a bond by Harmon with surety, and the form of the bond indicating that it was the intention that the principal Harmon should sign. Plaintiff was bound to take notice of all facts disclosed on the face of the papers.

This is not a case in which a surety places an instrument, perfect on its face, in the hands of the principal to deliver to the obligee, and seeks to avail himself of an agreement with the principal inconsistent with the obligation as expressed and of which the obligee has no notice; nor is this a case in which the surety signed an instrument, in form complete, in the mere expectation that another would sign, but it is the case of a surety signing a non-negotiable instrument incomplete on its face, on condition that the prin-

cipal should also sign, and delivered by the principal to the obligee and accepted by him with the knowledge of circumstances which should have prevented his acceptance without the signature of the principal.

Under this view it is unnecessary to consider the applicability of the principle decided in *Greenville* v. *Ormand,* 51 S. C., 121, 28 S. E., 157, that a surety on a builder's contract is discharged by the payment to the principal of money which should have been reserved under the terms of the contract.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.