### 1410.   COX *v.* FLETCHER & ADAMS.

A summary lien foreclosure is to be strictly construed. It must show upon its face a complete right in the plaintiff to maintain that form of action. One who seeks to assert lien for labor alleged to have been performed by him under an employment as "superintendent and general manager" of a sawmill does not show a right to maintain a laborer's lien foreclosure.

Certiorari, from Morgan superior court—Judge Lewis. September 12, 1908.

Argued November 27,—Decided December 8, 1908.

Cox sued out a laborer's lien against Fletcher & Adams, alleging that they owed him a named sum for "work and labor . . as general superintendent and manager at the [saw] mill of the defendant." The defendant moved to dismiss the case, on the ground that the foreclosure showed on its face that the plaintiff was not entitled to a laborer's lien; that as a general superintendent and manager he was not a laborer within contemplation of the law relating to laborers' liens. There are in the record other matters, which we do not deem it necessary to set forth with particularity. There was a verdict for the plaintiff, which the judge of the superior court set aside on certiorari.

*M. C. Few,* for plaintiff. *H. W. Dent,* for defendant.

POWELL, J. (After stating the foregoing facts.)

Some of the points involved in this record are controlled by the case of *Cox* v. *Adams, ante,* 296 (63 S. E. 60). A summary lien foreclosure must contain every allegation necessary to show a right to the action in that form; it is to be strictly construed. *Mabry* v. *Judkins,* 66 *Ga.* 732; *Howell* v. *Atkinson,* 3 *Ga. App.* 58 (59 S. E. 316). Whether a person is to be entitled to a lien as a laborer is to be determined by the contract of employment, and not merely by what he actually did after being employed. *Howell* v. *Atkinson,* supra. A superintendent and general manager of a sawmill is prima facie not a common laborer. The words "superintendent and general manager" denote such a degree of discretion and necessity for the exercise of mental functions as to distinguish the person so designated from a common laborer whose work is chiefly manual. The motion to dismiss the foreclosure should have prevailed; and the judge of the superior court therefore did not err in sustaining the certiorari. *Judgment affirmed.*