1619, 1693. ROBINSON v. McWILLIAMS-RANKIN COMPANY, and *vice versa*.

A conductor of a freight-train may be required to exercise both mental skill and manual labor in the performance of his duties; but where the printed rules of the railway company, regulating his employment and prescribing the character of his work, clearly show that his services consist mainly of work involving the exercise of his intellectual faculties and business capacity, he is not a "laborer," within the meaning of the Civil Code, § 4732, and his wages are subject to garnishment.

Certiorari, from Bibb superior court—Judge Felton. December 16, 1908.

Submitted February 24,—Decided May 18, 1909.

*R. Douglas Feagin,* for Robinson.

*R. S. Wimberly, Napier & Maynard,* contra.

HILL, C. J. The only question presented in this case for the decision of the court is whether or not the wages of a conductor of a freight-train are exempt from the process of garnishment, on the ground that he is a laborer, within the meaning of the Civil Code, § 4732. There is no controversy as to the facts. The oral evidence shows that some of the duties of a freight conductor are mental, and some are manual in character. As was said by this court in *Howell* v. *Atkinson, 3 Ga. App.* 58 (59 S. E. 316), "The nature of the labor to be performed, and whether the mental element preponderates or not, is to be determined by the contract of employment." The written rules regulating the employment

of the conductor and prescribing his duties in the present case clearly show that he was to have general control and superintendence of the train and of the employees on the train, its running and management, procuring way-bills, making reports, attending to the delivery of freight according to way-bills, and generally performing work requiring the exercise of intellectual faculties and business capacity. We see no difference in the facts of this case from those of *Miller* v. *Dugas, 77 Ga.* 386 (4 Am. St. R. 90), where it was decided that the wages of a conductor of a passenger or freight train were subject to garnishment under the code. Who falls within the category of a journeyman mechanic or day laborer within the meaning of the statute must depend upon the facts of the particular case. The Supreme Court, in *Oliver* v. *Macon Hardware Co.,* 98 *Ga.* 249 (25 S. E. 403, 58 Am. St. R. 300), has laid down the test by which the question should be determined. This test is whether the contract of employment requires mainly mental skill, or mainly manual labor. If the former, the wages are subject to garnishment; if the latter, they are not subject. See also *Howell* v. *Atkinson,* supra, and *Cohen* v. *Aldrich, 5 Ga. App.* 256 (62 S. E. 1015). Applying the test given by the Supreme Court in the *Oliver* case, supra, to the duties of this conductor, as prescribed by the rules of the railway company regulating his employment, we conclude that his wages were subject to the process of garnishment, and that the judgment of the superior court, in dismissing the certiorari and affirming the judgment of the justice in so holding, should be affirmed.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed.*