### 5773. MATHEWSON *v.* SHEWMAKE.

BROYLES, J. 1. Primarily, a photographer employed by a newspaper to take pictures, in company with and under the direction of a reporter, is not a "laborer" in the sense in which that word is used in section 5298 of the Civil Code, even though, in the discharge of his duties, he . may do some amount of manual labor in carrying his camera, and otherwise, and although, when not engaged in taking pictures, he is employed in repair work on all of the cameras used by the employees of the newspaper. *Oliver* v. *Macon Hardware Co.*, 98 *Ga.* 249 (25 S. E. 403, 58 Am. St. R. 300) ; *McPherson* v. *Stroup*, 100 *Ga.* 228 (28 S. E. 157) ; *Kline* v. *Russell*, 113 *Ga.* 1085 (39 S. E. 477) ; *Ensel* v. *Adler*, 110 *Ga.*

326 (35 S. E. 334); *Howell* v. *Atkinson*, 3 *Ga. App.* 58 (59 S. E. 316).

2. There was some evidence to authorize a finding that the services of the plaintiff in error consisted mainly in doing work requiring mental skill, rather than work demanding merely physical power; and, that being so, even if the preponderance of the evidence was on his side, this court has no jurisdiction to grant a new trial on the ground that the verdict was contrary to the evidence. *Blackshear Manufacturing Co.* v. *Stone*, 8 *Ga. App.* 661 (70 S. E. 29).

3. There was no error of law committed by the trial court, and the judgment overruling the motion for a new trial is                    *Affirmed.*
                    DECIDED FEBRUARY 3, 1915.

Garnishment; from municipal court of Atlanta.   May 16, 1914.

*George G. Osborne, R. H. Lindsay,* for plaintiff in error.
*Horton Brothers,* contra.